IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Crim. No.:   PJM 09-0468 |
| ANTHONY LEVI TAYLOR | * |
| | * |
| Defendant | * |

## MEMORANDUM OPINION

Defendant Anthony Levi Taylor has filed a Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) [Paper No. 414], in which he requests a reduction of his sentence pursuant to Amendment 706 to the Sentencing Guidelines.[1] After reviewing Taylor's motion, the information provided by the United States Probation Office, and any comment submitted by the government, for the reasons that follow, the Court will **DENY** Taylor's motion.

**I.**

On April 12, 2010, Taylor pleaded guilty to violating 21 U.S.C. § 846, Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of Cocaine and 50 or More Grams of a Mixture of Substance Containing a Detectable Amount of Cocaine Base ("Count One"), and 18 U.S.C. § 922(g)(1), Possession of a Firearm by a Convicted Felon ("Count Two"). Taylor was sentenced on August 3, 2010. At sentencing, his base offense level was found to be 32 because at least 150 grams of cocaine base and at least 15 kilograms of cocaine were agreed to have been reasonably foreseeable to him and within the scope of his agreement. *See* U.S. Sentencing Guidelines Manual §§ 2D1.1(c)(3), 2D1.1 cmt. n.10 (2009) (equating 150 grams of

---

[1] Although Taylor's Motion relies only on Amendment 706, the Court will assume that he intends to rely on Amendment 750 as well, since that Amendment further retroactively reduced the offense levels applicable to certain cocaine base quantities under U.S. Sentencing Guidelines Manual § 2D1.1(c).

cocaine base and 15 kilograms of cocaine to 3,000 kilograms and 1,000 kilograms of marijuana, and assigning a base offense level of 34 to federal drug crimes involving at least 3,000 kilograms less than 10,000 kilograms of marijuana, with a two level deduction for combining cocaine base and another drug). The Court then applied certain adjustments to Taylor's score and arrived at an adjusted offense level of 29. According to the U.S. Sentencing Guidelines Manual, the range of imprisonment for Count One was 121–151 months. The Court sentenced Taylor on August 3, 2010 to 136 months incarceration on Count One, and 120 months incarceration on Count Two, to run concurrently. The plea agreement noted that the statutory mandatory minimum sentence as to Count One was 10 years imprisonment.

The U.S. Probation Office has reviewed Taylor's Motion and determined that he is not eligible for reduction because the quantity of cocaine base and cocaine results in the same base offense level under the current Sentencing Guidelines. Probation's report notes that "150 grams of cocaine base converts to 535.65 kg of marijuana; and 5 kg of cocaine converts to 1,000 kg of marijuana, for a total of 1,535.65 kg of marijuana. At least 1,000 kg but not more than 3,000 kg of marijuana is a level 32. This is the same base offense level used at sentencing." *See* U.S.S.G. § 2D1.1(c)(4) (2012).

## II.

On November 1, 2007, the Sentencing Commission promulgated Amendment 706 to the Sentencing Guidelines. That Amendment, addressing crack cocaine-related drug offenses, reduced by two levels the base offense level assigned to each threshold quantity of crack listed in the Guidelines' Drug Quantity Table. Thereafter, the Commission made Amendment 706 retroactive, effective March 3, 2008. *See United States v. Munn*, 595 F.3d 183, 185-86 (4th Cir. 2010). Amendments 748 (eff. Nov. 1, 2010), 750 (eff. Nov. 1, 2011), and 759 (eff. Nov. 1,

2011) to the Sentencing Guidelines were adopted in connection with the enactment of the Fair Sentencing Act of 2010 ("FSA") Pub.L. No. 111–220, 124 Stat. 2372 (August 3, 2010). Amendment 750 amended the drug quantity table in Section 2D1.1(c) to reduce offense levels in crack cocaine cases. *See* U.S.S.G. App. C, Amend. 750. It was made retroactive by Amendment 759. *See id*., Amend. 759.

Taylor was sentenced on August 3, 2010, the effective date of the Fair Sentencing Act of 2010. Pub.L. No. 111–220, 124 Stat. 2372 (August 3, 2010). *See also Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012) ("The new statute took effect on August 3, 2010."). The Supreme Court was clear in *Dorsey v. United States* that "Congress intended the Fair Sentencing Act's more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date." 132 S. Ct. at 2331. The FSA statutorily changed the threshold quantities of crack cocaine that trigger mandatory minimum sentences under 21 U.S.C. § 841(b). The FSA lowered the statutory mandatory minimum on Count One from 10 years imprisonment for 5kg or more of cocaine or 280 grams or more of cocaine base, to 5 years imprisonment for 500 grams or more of cocaine or 28 grams or more of cocaine base. Although *Dorsey* was not explicit on this point, the Court finds that *Dorsey*'s clear intent was to apply the Act to those defendants who were sentenced on the effective date of the Act, August 3, 2010. Regardless, the Commission made Amendment 750 retroactive.

"The policy statement pertinent to a motion under [S]ection 3582(c) is [S]ection 1B1.10 of the Sentencing Guidelines Manual." *United States v. Stewart*, 595 F.3d 197, 200 (4th Cir.2010). The amendments to the Drug Quantity Table established by Amendment 750 are among the "covered" amendments set forth in U.S.S.G. § 1B1.10(c). "Pursuant to §1B.10(a)(2)(B), however, '[a] reduction in the defendant's term of imprisonment is not

consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.'" *Wade v. United States*, No. DKC 12-2442, 2013 WL 3168721 at *5 (D. Md. June 19, 2013).

### III.

Taylor asks the Court reduce his sentence according to 18 U.S.C. § 3582(c)(2). The language contained in the written plea agreement regarding the mandatory minimum sentence on Count One is inaccurate. Under the FSA, the amount of cocaine base and cocaine encompassed by his agreement — 150 grams cocaine base and 15 kg cocaine — only triggers the 5 year mandatory minimum. But under Amendment 750 to the Sentencing Guidelines, and as noted by Probation in its review of Taylor's motion, his recalculated offense level does not change. His base offense level remains a level 32, the same base offense level used at sentencing. Because Amendment 750 did not "have the effect of lowering [Petitioner's] applicable guideline range," a sentence reduction "is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B.10 (a)(2)(B). Accordingly, the Court is constrained to deny Taylor's Motion.

### IV.

For the foregoing reasons, Taylor's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2) [Paper No. 414] is **DENIED**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**September 25, 2013**